CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES INC.,** | § | |
| | § | |
| **Defendant.** | § | **189th JUDICIAL DISTRICT** |

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A | All executed process in this case (None. The undersigned accepted service without citation.); |
| B | Pleadings asserting causes of action: |

    a. Plaintiff's Original Petition
    b. Plaintiff's First Amended Original Petition

| | |
|---|---|
| C | All Orders signed by the State Court Judge; |
| D | Docket Sheet; and |
| E | A list of all Counsel of Record included addresses, telephone numbers and parties represented. |
| F | Miscellaneous filings in state court separately tabbed in date order: |

1. Civil Process Request Form
2. Defendant's Refinery Specialties Inc.'s Original Answer and Affirmative Defenses
3. Defendant's Refinery Specialties Inc.'s Certificate of Written Discovery
4. Notice of Submission on Defendant's Refinery Specialties Inc.'s Motion for No-Evidence Motion for Summary Judgment
5. Defendant's Refinery Specialties, Inc.'s Motion for No-Evidence Motion for Summary Judgment
6. Plaintiff Greg Moody's Response to Defendant's Motion for No-Evidence Summary Judgment (with Exhibits A – H)
7. [Proposed] Order Granting Refinery Specialties Inc.'s Motion for No-Evidence Motion for Summary Judgment
8. [Proposed] Order Denying Motion for Summary Judgment
9. Plaintiff's Unopposed Motion for Continuance
10. [Proposed] Order Granting Unopposed Motion for Continuance

# EXHIBIT "A"

# EXHIBIT "B"

# Exhibit "a"

# 2016-24799 / Court: 189

4/19/2016 8:41:39 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10199620
By: Krystal Franklin
Filed: 4/19/2016 8:41:39 PM

Cause No._____

| | | |
|---|---|---|
| GREG MOODY | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | HARRIS COUNTY. TEXAS |
| | § | |
| REFINERY SPECIALTIES INC. | § | |
| Defendant | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW** GREG MOODY, Plaintiff, and complains of REFINERY SPECIALISTS INC., Defendant, and for cause of action shows:

Discovery is intended to be conducted under Level II pursuant to Rule 190.1 of the Texas Rules of Civil Procedure.

### I.

Plaintiff, GREG MOODY is an individual residing in Harris County, Texas. Defendant, REFINERY SPECIALTIES INC.is a corporation licensed and registered to do business in the State of Texas and service on the corporation can be effectuated by serving its registered agent Mickey D. Tucker, 38106 Highway 3346; Hempstead, Texas 77445.

The true name or names of any and all partnerships, unincorporated associations, private corporations, and/or individuals doing business under the assumed names noted above, if different than the names alleged herein, will be substituted in this lawsuit pursuant to Texas Rule of Civil Procedure 28 when such true name or names become known.

### II.

Venue is proper in Harris County, Texas since part or all of the cause of action arose in Harris County. Also all parties agree that Harris County is the proper venue.

### III.

At all times material to this cause of action and prior to his termination, Plaintiff was an employee of Defendant.

On or about October 2, 2013, Plaintiff received serious injuries while working for the Defendant, in the course and scope of his employment. These injuries required the Plaintiff to seek medical treatment. On or about December 31, 2013, Plaintiff was immediately terminated because he sought medical attention.

PLAINTIFF'S ORIGINAL PETITION – page 1

IV.

The above and foregoing acts by Defendant violated Section 451 of Texas Labor Code in that Defendant terminated and otherwise discriminated against Plaintiff for pursuing a Workers' Compensation claim and/or benefits.

V.

As a direct result of Defendant's actions, Plaintiff has suffered damages including, but not limited to lost wages since the date of termination, up to present and will continue to suffer lost earnings in the future and has suffered lost benefits, such as health insurance, vacation pay, holiday pay, and sick leave, since termination and will continue to suffer these losses in the future, in an amount that is within the jurisdictional limits of the court and for which Plaintiff prays recovery from Defendant along with prejudgment interest.

VI.

As a direct result of Defendant's actions, Plaintiff suffered additional damages including but not limited to mental anguish for which the Plaintiff prays recovery from Defendant.

VII.

The above and foregoing acts of Defendants was intentional and malicious and part of a common plan or scheme to terminate and otherwise discriminate against those employees who file Workers' Compensation claims and as a result, Plaintiff seeks recovery of exemplary damages in an amount within the jurisdiction limits of the Court.

VIII.

Plaintiff has retained the services of Kevin A. Murray, a licensed attorney to pursue this claim on Plaintiff's behalf. Plaintiff prays that he be rewarded reasonable attorney's fees and costs of Court.

IX.

Plaintiff's damages far exceed the minimum jurisdictional requirements of this Honorable Court. Plaintiff is only seeking damages of monetary relief of $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs expenses, pre-judgment interest, and attorney fees.

X.
### REQUEST FOR DISCLOSURE

PLAINTIFF'S ORIGINAL PETITION – page 3

Certified Document Number: 69866759 - Page 2 of 5

PLEASE PROVIDE THE FOLLOWING INFORMATION AS REQUIRED BY RULE 194.2 OF THE TEXAS RULES OF CIVIL PROCEDURE.

(1)     The correct names of the parties to the lawsuit.
        ANSWER:

(2)     The name, addresses, and telephone numbers of any potential parties.
        ANSWER:

(3)     The legal theories and, in general, the factual bases of your claims or defenses.
        ANSWER:

(4)     The amount and any method of calculating economic damage.
        ANSWER:

(5)     The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
        ANSWER:

(6)     For any testifying expert:
        a.     The expert's name, address and telephone number,
        b.     The subject matter on which the expert will testify;
        c.     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control documents reflecting such information;
        d.     If the expert is retained by employed by, or otherwise subject to your control:
               1.     All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
               2.     The expert's current resume and bibliography.
        ANSWER:

(7)     Any discoverable indemnity and insuring agreements.
        ANSWER:

(8)     Any discoverable settlement agreements.
        ANSWER:

PLAINTIFF'S ORIGINAL PETITION – page 3

Certified Document Number: 69866759 - Page 3 of 5

(9)     Any discoverable witness statements.
ANSWER:

(10)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
ANSWER:

(11)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party.
ANSWER:

(12)    The name address and telephone number of any person who may be designated as a responsible third party.
ANSWER:

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and that on final trial Plaintiff recover:

1) Damages for lost wages in the past, along with prejudgment interest as provided by law;

2) Damages for lost earnings in the future;

3) Damages for lost benefits, such as health insurance, vacation pay, holiday pay, and sick leave in the past and in the future;

4) Damages for mental anguish in the past and in the future;

5) Exemplary damages;

6) Attorney's fees and cost of court;

7) Post judgment interest as provided by law; and

8) Such other and further relief to which Plaintiff may be entitled.

Certified Document Number: 69866759 - Page 4 of 5

PLAINTIFF'S ORIGINAL PETITION – page 4

Respectfully submitted,

/s/ Kevin A. Murray

Kevin A. Murray
State Bar. No. 24007720
Yorktown Building
1776 Yorktown, Suite 350
Houston, Texas 77056
Tel.  (713) 355-5500
Fax.  (713) 212-0290

Certified Document Number: 69866759 - Page 5 of  5

PLAINTIFF'S ORIGINAL PETITION – page 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        69866759

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

# Exhibit "b"

10/9/2017 8:25 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19952896
By: ARIONNE MCNEAL
Filed: 10/9/2017 8:25 PM

## CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES, INC.,** | § | |
| **Defendant.** | § | **189ᵀᴴ JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW GREG MOODY, Plaintiff, filing his first amended petition complaining of REFINERY SPECIALISTS INC., Defendant, and for cause of action shows:

### Discovery and Relief Sought

Discovery is intended to be conducted under Level II pursuant to Rule 190.1 of the Texas Rules of Civil Procedure.

Plaintiff's damages far exceed the minimum jurisdictional requirements of this Honorable Court. Plaintiff is only seeking damages of monetary relief of $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs expenses, pre-judgment interest, and attorney fees

I.

1.1   Plaintiff, GREG MOODY is an individual residing in Harris County, Texas. Defendant, REFINERY SPECIALISTS INC. is a corporation licensed and registered to do business in the State of Texas, service of this amended petition on the corporation can be effectuated by serving its attorney of record, Ms. Tracy Graves Wolf, LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP, 2100 Ross Avenue, Suite 2000, Dallas, Texas 75201

1.2   The true name or names of any and all partnerships, unincorporated associations, private corporations, and/or individuals doing business under the assumed names noted above, if different than the names alleged herein, will be substituted in this lawsuit pursuant to Texas Rule of Civil Procedure 28 when such true name or names become known.

II.

2.1   Venue is proper in Harris County, Texas as Plaintiff is a resident of Harris County, and parties agree to venue.

PLAINTIFF'S FIRST AMENDED PETITION Page 1

Certified Document Number: 77156285 - Page 1 of 7

## III.
## FACTS

3.1     At all times material to this cause of action and prior to his termination, Plaintiff was an truck driver and employee of Defendant. On or about October 2, 2013, Plaintiff received injuries while working for the Defendant, in the course and scope of his employment. These injuries required the Plaintiff to seek medical treatment. On October 10, 2013 plaintiff was released to work, using his essential job skills, with restrictions. The Defendant advised the plaintiff that because he was on workers compensation, he could not return until he had no restriction. However, on or about December 31, 2013, Plaintiff was terminated because he sought medical attention and made a worker's compensation claim. He was advised of his termination on February 18, 2014.

## IV.
## FIRST CAUSE OF ACTION

4.1     The above and foregoing acts by Defendant violated Section 451 of Texas Labor Code in that Defendant terminated and otherwise discriminated against Plaintiff for pursuing a Workers' Compensation claim and/or benefits.

4.2     As a direct result of Defendant's actions, Plaintiff has suffered damages including, but not limited to lost wages since the date of termination, up to present and will continue to suffer lost earnings in the future and has suffered lost benefits, such as health insurance, vacation pay, holiday pay, and sick leave, since termination and will continue to suffer these losses in the future, in an amount that is within the jurisdictional limits of the court and for which Plaintiff prays recovery from Defendant along with prejudgment interest.

4.3     As a direct result of Defendant's actions, Plaintiff suffered additional damages including but not limited to mental anguish for which the Plaintiff prays recovery from Defendant.

4.4     The above and foregoing acts of Defendants was intentional and malicious and part of a common plan or scheme to terminate and otherwise discriminate against those employees who file Workers' Compensation claims and as a result, Plaintiff seeks recovery of exemplary damages in an amount within the jurisdiction limits of the Court.

## V.
## SECOND CAUSE OF ACTION

5.1     Incorporating the facts in the foregoing paragraphs by reference, the plaintiff petitions for relief against the Defendant Refinery Specialties, Inc. and would show the following for cause of action:

Certified Document Number: 77156285 - Page 2 of 7

5.2    Greg Moody is a person with a disability as defined by Tex. Labor Code § 21.002(6) and in Title I of the Federal Americans with Disabilities Act of 1990, 42 U.S.C. 12102(2).

5.3    As a result of a sudden incident of back injury, the Defendant Refinery Specialties, Inc., regarded Plaintiff Greg Moody as having a physical impairment that substantially limited at least one major life activity.

5.4    Defendant Refinery Specialties, Inc., is an employer as defined in the applicable provisions of state and federal laws.

5.6    Through officers and supervisors of Defendant Refinery Specialties, Inc., the defendant classified Greg Moody in a manner that deprived plaintiff of employment opportunity and otherwise discriminated against plaintiff because of disability in connection with his compensation and other terms, conditions and privileges of employment.

5.7    At all material times, plaintiff Moody was able, with or without reasonable accommodation, to perform the duties essential duty of a truck driver for the Defendant Refinery Specialties, Inc.

5.8    Through the officers and supervisors of the Defendant Refinery Specialties, Inc, the Defendant intentionally elected to act based on ignorance and an arbitrary basis, by ignoring the certification of qualified medical personnel, that plaintiff could perform the essential job skill for his position as a truck driver.

5.9    Through officers and supervisors of Defendant Refinery Specialties, Inc., the defendant subjected plaintiff to acts of retaliation, because he opposed practices made unlawful by the cited laws a filed a worker's compensation claim related to his disability.

5.10    Through the acts and omissions of officers and supervisors of Defendant Refinery Specialties, Inc., the Defendant caused Plaintiff to suffer damages including, but not limited to lost wages since the date of termination, up to present and will continue to suffer lost earnings in the future and has suffered lost benefits, such as health insurance, vacation pay, holiday pay, and sick leave, since termination and will continue to suffer these losses in the future, in an amount that is within the jurisdictional limits of the court and for which Plaintiff prays recovery from Defendant along with prejudgment interest.

5.11    Plaintiff has, reasonably and necessarily, retained the services of Kevin A. Murray, a licensed attorney to pursue this claim on Plaintiff's behalf. Plaintiff prays that he be rewarded reasonable attorney's fees and costs of Court.

5.12    On May 15, 2014 within the time provided by the applicable laws, Plaintiff Greg Moody filed a sworn charge of discrimination with the Civil Rights Division of the Texas Workforce Commission and with the United States Equal Employment Opportunity Commission

Certified Document Number: 77156285 - Page 3 of 7

(E.E.O.C.). (A copy of the Charge of Discrimination is attached and incorporated by refence as Exhibit "A")

5.13   On July 10, 2017, after the expiration of the requisite time set by applicable laws for the investigation of Plaintiff's claims by the said administrative organizations, the E.E.O.C. issued a Notice of Right to Sue letter(Conciliation Failure). The notice recited the following statement:

> The EEOC found reasonable causes to believe that violations of the statute(s) occurred with respect to some or all of the matter alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.

> (A copy of the Notice of Right to Sue is attached and incorporated by refence as Exhibit "B")

VI.
## REQUEST FOR DISCLOSURE

PLEASE PROVIDE THE FOLLOWING INFORMATION AS REQUIRED BY RULE 194.2 OF THE TEXAS RULES OF CIVIL PROCEDURE.

(1)   The correct names of the parties to the lawsuit.
ANSWER:

(2)   The name, addresses, and telephone numbers of any potential parties.
ANSWER:

(3)   The legal theories and, in general, the factual bases of your claims or defenses.

ANSWER:

(4)   The amount and any method of calculating economic damage.
ANSWER:

(5)   The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
ANSWER:

(6)   For any testifying expert:
a.   The expert's name, address and telephone number;
b.   The subject matter on which the expert will testify;
c.   The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert

is not retained by, employed by, or otherwise subject to your control documents reflecting such information;

d.    If the expert is retained by employed by, or otherwise subject to your control:

1.    All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

2.    The expert's current resume and bibliography.

ANSWER:

(7)    Any discoverable indemnity and insuring agreements.
ANSWER:

(8)    Any discoverable settlement agreements.
ANSWER:

(9)    Any discoverable witness statements.
ANSWER:

(10)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
ANSWER:

(11)    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party.
ANSWER:

(12)    The name address and telephone number of any person who may be designated as a responsible third party.
ANSWER:

PLAINTIFF'S FIRST AMENDED PETITION Page 5

Certified Document Number: 77156285 - Page 5 of 7

## PRAYER

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and that on final trial Plaintiff recover:

1. Damages for lost wages in the past, along with prejudgment interest as provided by law;
2. Damages for lost earnings in the future;
3. Damages for lost benefits, such as health insurance, vacation pay, holiday pay, and sick leave in the past and in the future;
4. Damages for mental anguish in the past and in the future;
5. Exemplary damages;
6. Attorney's fees and cost of court;
7. Post judgment interest as provided by law; and
8. Court issue mandatory and prohibitive injunction orders, in equity, as the court might find appropriate and necessary to see that Plaintiff is protected from further acts of discrimination or retaliation.
9. And such other and further relief to which Plaintiff may be entitled.

Respectfully submitted.

/s/ Kevin A. Murray
Kevin A. Murray
State Bar. No. 24007720
Galleria Financial Center
5075 Westheimer Road, Suite 980
Tel. (713) 355-5500
Fax. (888) 331-5747
kmurray@murlaw.com

COUNSEL FOR PLAINTIFF

Certified Document Number: 77156285 - Page 6 of 7

PLAINTIFF'S FIRST AMENDED PETITION Page 6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the following document has been duly served upon all counsel of record, in accordance with the Federal Rules of Civil Procedure:

__x__ Electronic Notification;
_____ Federal Express;
_____ First Class Mail;
_____ Hand Delivery;
_____ Facsimile Transmittal; and/or
_____ Certified Mail Return Receipt Requested.

On this the 9th day of October 2017.

/s/Kevin A. Murray
Kevin A. Murray

Certified Document Number: 77156285 - Page 7 of 7

PLAINTIFF'S FIRST AMENDED PETITION Page 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        77156285

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

10/9/2017 8:26:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19952896
By: MCNEAL, ARIONNE
Filed: 10/9/2017 8:26:00 PM

# EXHIBIT A

# MOODY EEOC CHARGE

Certified Document Number: 77156286 - Page 1 of 1

PLAINTIFF'S FIRST AMENDED PETITION Page x



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        77156286

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/9/2017 8:26:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 19952896
By: MCNEAL, ARIONNE
Filed: 10/9/2017 8:26:00 PM

# EXHIBIT B

# NOTICE OF RIGHT TO SUE

Certified Document Number: 77156287 - Page 1 of 2

PLAINTIFF'S FIRST AMENDED PETITION Page 9

Certified Document Number: 77156287 - Page 2 of 2

PLAINTIFF'S FIRST AMENDED PETITION Page 13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        77156287

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT "C"

Case No. 201624799

MOODY, GREG

vs.

REFINERY SPECIALISTS INC

**DCORX**
IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

189th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.
**JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.
**EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **08/28/17**   Experts for parties seeking affirmative relief.
(b) **09/27/17**   All other experts.

3.
**STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.
**DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.
**ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b) **09/27/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **10/27/17**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.
**DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a) **10/27/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **10/27/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **10/27/17**   **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **10/27/17**   **PLEADINGS.**   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:              Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/27/17**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

TRACY GRAVES WOLF
2100 ROSS AVE STE 2000
DALLAS TX 75201-2719

5      24004994

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 06/08/2017

JCV002
rev 11202008

Case No. 201624799

MOODY, GREG

**DCORX**

IN THE DISTRICT COURT OF

vs.

REFINERY SPECIALISTS INC

HARRIS COUNTY, TEXAS

189th   JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.    **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **08/28/17** Experts for parties seeking affirmative relief.
(b) **09/27/17** All other experts.

3.    **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a)    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b) **09/27/17** ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **10/27/17 DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission
(a) **10/27/17** If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **10/27/17** Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)    Rule 166a(i) motions may not be heard before this date.

8. **10/27/17 CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **10/27/17 PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:        Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/27/17 TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

KEVIN MURRAY
5075 WESTHEIMER RD STE 980
HOUSTON TX 77056-6647

3        24007720

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 06/08/2017

JCVO02
rev 11202008

Certified Document Number: 75471686 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75471686

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit "A"

Certified Document Number: 76944264 - Page 1 of 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 846-2014-15504 |

Texas Workforce Commission Civil Rights Division *and EEOC*

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Gregory Moody | (832) 421-5584 | 02-11-1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 935 Crepe Myrtle Street, College Station, TX 77845 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| REFINERY SPECIALTIES, INC | 15 - 100 | (979) 826-4961 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 577, 36106 FM 33646 Road,  Hempstead, TX 77445 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON (Check appropriate box(es).)**

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 10/10/13   Latest: 2/20/14

☒ CONTINUING ACTION

RECEIVED
HOUSTON DISTRICT OFFICE
14 MAY '20 AM 11:05

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):
I was hired as a Truck Driver on November 12, 2012. On or about October 10, 2013 and continuing, I was denied a reasonable accommodation for my disability. On or about February 20, 2014, I was told that I had been discharged from my position as a truck driver effective December 31, 2013.

Thomas Kahlden, Supervisor, denied me a reasonable accommodation, and stated that there wasn't any light duty work, and that I could not return until I was fully released from the doctor. I spoke with Mr. Kahlden a second time in October 2013, and he just reiterated that there wasn't any modified duties that I could perform. Mr. Kahlden informed me I was fired for abandonment of my job. Mr. Kahlden told me that  he could not hold my position because I was injured, and that he had a company to run and that I had to be replaced.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act 1990, as amended. I submitted my doctor's notes concerning my disability and my need for an accommodation to Mr. Kahlden. I did not abandon my job. In fact, I attempted to return to work but Mr. Kahlden told me that I could not return until I was released by the doctor. Reasonable accommodations were available for me. However, I was discharged based on my disability.

*Revised Statement Attached*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 05/15/2014   *Gregory Moody* Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        76944264

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "B"

Certified Document Number: 76944265 - Page 1 of 2

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Gregory Moody<br>17615 Ranch Country Drive<br>Hockley, TX 77447 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-15504 | Jose T. Vega,<br>Investigator | (713) 651-4941 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Rayford O. Irvin,
District Director

07-10-2017
(Date Mailed)

cc:  Tamara Roberts
Human Resources Director
REFINERY SPECIALTIES, INC.
P. O. Box 577
Hempstead, TX 77445

Tracy Graves Wolf, Esq.
Lewis Brisbois
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201

Certified Document Number: 76944265 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:       76944265

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Case No. 201624799

**DCORX**

MOODY, GREG

VS.

REFINERY SPECIALISTS INC

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

189th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **12/13/16**   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
   (a) **03/13/17**   Experts for parties seeking affirmative relief.
   (b) **04/12/17**   All other experts.

3.   **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
   (b) **04/12/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **05/12/17**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
   (a) **05/12/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **05/12/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)   Rule 166a(i) motions may not be heard before this date.

8. **05/12/17**   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/12/17**   **PLEADINGS.** All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
   Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME:   Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/12/17**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

KEVIN MURRAY
1776 YORKTOWN ST STE 350
HOUSTON TX 77056-4161

1    24007720

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 07/08/2016

ICVO02
rev 11202006

Case No. 201624799

**DCORX**

MOODY, GREG

VS.

REFINERY SPECIALISTS INC

\* IN THE DISTRICT COURT OF

\*

\* HARRIS COUNTY, TEXAS

\*

\* 189th   JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **12/13/16**  **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.  **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
   (a) **03/13/17**  Experts for parties seeking affirmative relief.
   (b) **04/12/17**  All other experts.

3.  **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME: Failure to appear will be grounds for dismissal for want of prosecution.

4.  **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)  Total hours per side for oral depositions.
   (b)  Number of interrogatories that may be served by each party on any other party.

5.  **ALTERNATIVE DISPUTE RESOLUTION.**
   (a)  By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
   (b) **04/12/17**  ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **05/12/17**  **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.  **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
   (a) **05/12/17**  If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **05/12/17**  Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)  Rule 166a(i) motions may not be heard before this date.

8. **05/12/17**  **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **05/12/17**  **PLEADINGS.** All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.  Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME:  Failure to appear will be grounds for dismissal for want of prosecution.

11. **06/12/17**  **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

TRACY GRAVES WOLF
2100 ROSS AVE STE 2000
DALLAS TX 75201-2719

9    24004994

WILLIAM R BURKE JR
Judge, 189TH DISTRICT COURT
Date Generated 07/08/2016

JCVC02
rev 1202006



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        71060738

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

6/7/2017 3:38:48 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17482561
By: MCNEAL, ARIONNE
Filed: 6/7/2017 3:38:48 PM

Pgs-1

CAFX

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES, INC., | § | |
| **Defendant.** | § | 189th DISTRICT COURT |

## ORDER GRANTING UNOPPOSED MOTION FOR CONTINUANCE

On _____ came to be considered Plaintiff's Unopposed Motion for Continuance, having reviewed the Motion, finds that there is sufficient cause for this order to be issued.

It is therefore, ORDERED that said Motion be, and the same hereby, GRANTED.

Signed:
6/7/2017

PRESIDING JUDGE

ORDER – SOLO PAGE



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:      75425215

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT "D"

Search Civil Results

IRIS COLLINS (NETWS3)c          Enterprise     Contact Us          Welcome to the District Clerk 🛈

# Deputy Exploration Of Electronic Documents

Search  Search  Search  Search  Search  Basket  Barcode  Pre-   Process  Reports  Subpoena  Pending   Court  Attach  Court   Fee    Generate
Civil   Criminal All    Special        Activity Coder  Index  eFileus           Search  Subpoena  Processing to     Cost   Counter Instruments
                                       Coder         Monitor                                           Clerk  Sheet  Documents

## Civil Image Search Results

If the case/documents you are looking for is not available, please click here to notify customer service.
The icons in the case header contain various information about the case. Click the icon to display the case information. A
legend of the case information is provided here.

To view a document, click the Image Number link. If you wish to download/fax/certify numerous documents, you may select
those specific documents using the checkbox at the beginning of the row and click the 'Add To Basket' link in the case header,
or you may add all documents from the case by clicking the 'Add Entire Case' button. The documents will be added to your
Basket page.

Document information displayed in RED indicates the document is sealed.
Document information displayed in BROWN indicates the document is confidential.

Please select a court to generate a document. [                    ] [▼]

**Case: 201624799 - 7**    🗂 🗃 📋 🗄 📠 📇 ⚖️ ⚖️ 🗂 · 🖥 🖲

☑ Court: 189 File Dt: 4/19/2016 Case Status: Ready Docket
  Case Type: Retaliation Type of Action: Retaliation
  Style: MOODY, GREG vs REFINERY SPECIALISTS INC

**Add Entire Case**

Add To Basket

| Image Number | Pages | Activity Type | Activity Date | PJN | Party | | |
|---|---|---|---|---|---|---|---|
| 76944264 19952896 | 2 | Exhibit A | 10/9/2017 | | | Enter Revision | Add To Basket |
| 76944265 19952896 | 2 | Exhibit B | 10/9/2017 | | | Enter Revision | Add To Basket |
| 77156285 19952896 | 7 | Plaintiff's first amended petition | 10/9/2017 | | | Enter Revision | Add To Basket |
| 77156286 19952896 | 1 | *Sub Doc: Exhibit A* | 10/9/2017 | | | Enter Revision | Add To Basket |
| 77156287 19952896 | 2 | *Sub Doc: Exhibit b* | 10/9/2017 | | | Enter Revision | Add To Basket |
| 75471686 | 2 | DOCKET CONTROL ORDER | 6/12/2017 | | | Enter Revision | Add To Basket |
| 75415616 17482561 | 3 | unopposed motion for continuance | 6/7/2017 | | | Enter Revision | Add To Basket |
| 75415617 17482561 | 1 | *Sub Doc: PROPOSED ORDER GRANTING MOTION FOR CONTINUANCE* | 6/7/2017 | | | Enter Revision | Add To Basket |
| 75425215 | 1 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE | 6/7/2017 | | | Enter Revision | Add To Basket |
| 75380623 17433412 | 8 | Plaintiff Greg Moodys Response to Defendants Motion for No Evidence for Summary Judgment | 6/5/2017 | | | Enter Revision | Add To Basket |
| 75380624 17433412 | 4 | *Sub Doc: Exhibit A* | 6/5/2017 | | | Enter Revision | Add To Basket |
| 75380625 17433412 | 2 | *Sub Doc: Exhibit B* | 6/5/2017 | | | Enter Revision | Add To Basket |
| 75380626 17433412 | 3 | *Sub Doc: Exhibit C* | 6/5/2017 | | | Enter Revision | Add To Basket |

Search Civil Results

Page 2 of 2

| | | | | |
|---|---|---|---|---|
| ☑ 75380627 17433412 | 2 | *Sub Doc: Exhibit D* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75380628 17433412 | 2 | *Sub Doc: Exhibit E* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75380629 17433412 | 2 | *Sub Doc: Exhibit F* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75380630 17433412 | 3 | *Sub Doc: Exhibit G* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75380631 17433412 | 2 | *Sub Doc: Exhibit H* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75380632 17433412 | 1 | *Sub Doc: Proposed Order* | 6/5/2017 | Enter Revision  Add To Basket |
| ☑ 75185649 17162545 | 5 | Defendant Refinery Specialties Inc's Motion for No-Evidence Summary Judgment | 5/22/2017 | Enter Revision  Add To Basket |
| ☑ 75205256 17188422 | 2 | *Sub Doc: Notice of submission on defendant refinery specialties Inc.'s motion for no-evidence summary judgment* | 5/23/2017 | Enter Revision  Add To Basket |
| ☑ 75185650 17162545 | 1 | *Sub Doc: Proposed Order* | 5/22/2017 | Enter Revision  Add To Basket |
| ☑ 71060738 | 2 | DOCKET CONTROL ORDER | 7/14/2016 | Enter Revision  Add To Basket |
| ☑ 70863333 11375534 | 2 | Defendants Refinery Specialties Inc's Certificate | 6/28/2016 | Enter Revision  Add To Basket |
| ☑ 70413560 10829758 | 4 | Defendant's Refinery Specialties Inc.'s Original Answer and Affirmative Defenses | 5/25/2016 | Enter Revision  Add To Basket |
| ☑ 69866759 10199620 | 5 | Plaintiff's Original Petition | 4/19/2016 | Enter Revision  Add To Basket |
| ☑ 69866760 10199620 | 1 | *Sub Doc: Civil Process Request* | 4/19/2016 | Enter Revision  Add To Basket |

Harris County Docket Sheet

# 2016-24799

**COURT:** 189th
**FILED DATE:** 4/19/2016
**CASE TYPE:** Retaliation



---

### MOODY, GREG
Attorney: MURRAY, KEVIN ALBERT

### vs.

### REFINERY SPECIALISTS INC
Attorney: WOLF, TRACY GRAVES

---

| Trial Settings | |
| --- | --- |
| **Date** | **Comment** |
| 6/12/2017 | Docket Set For: Trial Setting |
| 11/27/2017 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
| --- | --- |
| **Date** | **Comment** |
| 6/7/2017 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |

# EXHIBIT "E"

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES INC., | § | |
| | § | |
| Defendant. | § | 189th JUDICIAL DISTRICT |

---

## LIST OF ALL COUNSEL OF RECORD

---

Kevin Murray
Galleria Financial Center
5075 Westheimer Road, Suite 980
Houston, Texas  77056
kmurray@murrlaw.com
ATTORNEY FOR
PLAINTIFF GREG MOODY

Tracy Graves Wolf
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Phone: (214) 347-4508
Fax: (972) 638-8664
ATTORNEY FOR DEFENDANT
REFINERY SPECIALTIES INC.

# EXHIBIT "F"

1

## CIVIL PROCESS REQUEST FORM

2016-24799 / Court: 189

4/19/2016 8:41:39 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10199620
By: FRANKLIN, KRYSTAL G
Filed: 4/19/2016 8:41:39 PM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THIS FORM.
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____  CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition _____

FILE DATE OF MOTION: Tuesday, April 19, 2016 _____
 Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME REFINERY SPECIALISTS INC. _____

 ADDRESS 38106 Highway 3346, Hempstead, Texas 77445 _____

 AGENT, (if applicable): Mickey D. Tucker _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

 **SERVICE BY** (check one):
 ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
 ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
 ☐ **MAIL**                     ☒ **CERTIFIED MAIL**
 ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
 ☐ **OTHER,** explain _____

### ATTENTION: Effective June1, 2010

 **For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: _____

 ADDRESS: _____

 AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

 **SERVICE BY** (check one):
 ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
 ☐ **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____   Phone: _____
 ☐ **MAIL**                     ☐ **CERTIFIED MAIL**
 ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
 ☐ **OTHER,** explain _____

### ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Kevin Murray _____ TEXAS BAR NO./ID NO. 24007720 _____

MAILING ADDRESS: 1776 Yorktown, Suite 350, Houston, Texas 77056 _____

PHONE NUMBER: 713.355.5500 _____ FAX NUMBER: 713.212.0290 _____
                    area code    phone number                  area code    fax number

EMAIL ADDRESS: kmurray@murrlaw.com _____



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:      69866760

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

2

5/25/2016 4:57:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10829758
By: ARIONNE MCNEAL
Filed: 5/25/2016 4:57:21 PM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES INC., | § | |
| Defendant. | § | 189th JUDICIAL DISTRICT |

---

**DEFENDANT REFINERY SPECIALTIES INC'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant Refinery Specialties Inc. (hereinafter referred to as "RSI" or "Defendant"), Defendant herein, files this its Original Answer and Affirmative Defenses, and states as follows:

I.

**ORIGINAL ANSWER**

**General Denial**

Pursuant to Texas Rule of Civil Procedure 92, Defendant herein enters its general denial to all of the material allegations contained in Plaintiff's Original Petition, and demands strict proof thereof by the appropriate evidentiary standard.

II.

**AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS**

Defendant alleges the following specific denials and affirmative defenses to all of the material allegations contained in Plaintiff's Petition:

4837-6760-4018.1
DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Page 1

Certified Document Number: 70413560 - Page 1 of 4

1. Defendant alleges Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. For further answer, if such is necessary, Defendant denies that all conditions precedent have been performed by Plaintiff or have otherwise occurred.

3. For further answer, if such be necessary, Defendant denies that Plaintiff sustained any injuries or damages as a result of any conduct of Defendant, if any.

4. For further answer, if such be necessary, Defendant alleges that Plaintiff should have taken action to minimize or eliminate any loss, injury or damage, and, to such extent, Plaintiff is precluded from recovering damages or Plaintiff's damages should be reduced by operation of the doctrine of avoidable consequences and/or mitigation of damages.

5. By way of affirmative defense, Defendant asserts the limitation of damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, including 41.007, and 41.008.

6. In the alternative, and only in the event that Plaintiff is successful in submitting a claim for punitive/exemplary damages, Defendant is entitled to insist upon a burden of proof by clear and convincing evidence. TEX. CIV. PRAC. & REM. CODE § 41.003.

7. Defendant further reserves the right to replead any other affirmative defenses or special denials which later pleadings of the Plaintiff, changes in the law, and/or subsequent discovery may reveal to be appropriate.

### III.

### JURY DEMAND

Defendant hereby demands a jury trial on all issues.

Certified Document Number: 70413560 - Page 2 of 4

## IV.

### REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194, Defendant requests that Plaintiff disclose within thirty (30) days of service of this request, the information set forth in 194.2(a) – (1).

## V.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Refinery Specialties Inc. hereby prays that Plaintiff take nothing by way of his suit,  that it have judgment for its costs in this proceeding, and that this Court grant it such other and further relief, as it may show itself justly entitled to receive, including the submission of all proper jury issues to the trier of fact.

Respectfully submitted,

LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP

Tracy Graves Wolf
Texas Bar No. 24004994
2100 Ross Avenue, Suite 2000
Dallas, TX  75201
Phone: (214) 347-4508
Fax: (972) 638-8664
Tracy.Wolf@LewisBrisbois.com

**ATTORNEYS FOR REFINERY SPECIALTIES INC.**

Certified Document Number: 70413560 - Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via Electronic filing on this the 25th day of May, 2016.

_____
Tracy Graves Wolf



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        70413560

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3

6/28/2016 1:57:50 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11375534
By: Deandra Mosley
Filed: 6/28/2016 1:57:50 PM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES INC.,** | § | |
| *Defendant.* | § | **189TH JUDICIAL DISTRICT** |

## DEFENDANT REFINERY SPECIALTIES INC.'S
## CERTIFICATE OF WRITTEN DISCOVERY

Defendant Refinery Specialties Inc. certifies that the following document was served upon

all counsel of record in compliance with the Texas Rules of Civil Procedure:

1. Defendant Refinery Specialties Inc.'s Responses to Plaintiff's Request for Disclosure.

Respectfully submitted,

**LEWIS, BRISBOIS, BISGAARD, & SMITH,
LLP**

*/s/ Tracy Graves Wolf*

**Tracy Graves Wolf**
Texas Bar No. 24004994
**Samantha L. Halpern**
State Bar No. 24099838
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Phone: (214) 347-4508
Fax: (972) 638-8664
Tracy.Wolf@LewisBrisbois.com
Samantha.Halpern@LewisBrisbois.com

**ATTORNEYS FOR DEFENDANT
REFINERY SPECIALTIES INC.**

Certified Document Number: 70863333 - Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 28th day of June, 2016.

/s/Tracy Graves Wolf

Tracy Graves Wolf



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        70863333

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

4

5/23/2017 9:58:56 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17188422
By: ARIONNE MCNEAL
Filed: 5/23/2017 9:58:56 AM

## CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES INC., | § | |
| | § | |
| Defendant. | § | 189th JUDICIAL DISTRICT |

### NOTICE OF SUBMISSION
### ON DEFENDANT REFINERY SPECIALTIES INC.'S
### MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

Defendant Refinery Specialties Inc.'s Motion for No -Evidence Summary Judgment  has been  filed  and  will  be  submitted  to  the  Court  for  consideration  without  a  hearing  on **June 12, 2017 at 8:00 am.**

Respectfully submitted,

**LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP**

_(signature)_

**Tracy Graves Wolf**
Texas Bar No. 24004994
2100 Ross Avenue, Suite 2000
Dallas, TX  75201
Phone: (214) 347-4508
Fax: (972) 638-8664
Tracy.Wolf@LewisBrisbois.com

**ATTORNEYS FOR DEFENDANT REFINERY SPECIALTIES INC.**

Certified Document Number: 75205256 - Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all

counsel of record via Electronic filing on this the 23rd day of May, 2017.

Kevin Murray
1776 Yorktown Street
Suite 600
Houston TX 77056
kmurray@murrlaw.com

Tracy Grayes Wolf

NOTICE OF SUBMISSION ON DEFENDANT REFINERY SPECIALISTS INC.'S
MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT                                        PAGE 2

Certified Document Number: 75205256 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75205256

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

5

5/22/2017 10:37:04 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17162545
By: Deandra Mosley
Filed: 5/22/2017 10:37:04 AM

## CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES INC.,** | § | |
| | § | |
| **Defendant.** | § | **189th JUDICIAL DISTRICT** |

---

## DEFENDANT REFINERY SPECIALTIES INC.'S MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Refinery Specialties, Inc. ("RSI"), pursuant to Texas Rule of Civil Procedure 166a(i), moves this Court for Summary Judgment as to all claims asserted by Greg Moody ("Plaintiff") and would respectfully show this Court the following:

Pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure, Defendant is entitled to a "no-evidence" summary judgment because Plaintiff can present no evidence that he was terminated for seeking medical attention after allegedly suffering injuries in the course and scope of his employment in violation of Section 451 of the Texas Labor Code. Further, Plaintiff can present no evidence that he was terminated or discriminated against for pursuing a worker's compensation claim. Thus, RSI is entitled to judgment as a matter of law.

### I. NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

**A.    Background**

Plaintiff, a former employee of RSI, alleges that he was terminated from his position, truck driver, in retaliation for filing an on-the-job/worker's compensation injury claim on or about October 2, 2013. Plaintiff took an extended leave from his position, and did not communicate with RSI again until February 2014. Plaintiff's employment with RSI was terminated on December 31, 2013 for

4817-8581-0761.1

failure to report to work or check in with his supervisor. Plaintiff can provide no evidence that the termination of his employment was based on anything other than his complete failure to report in to his employer and provide a doctor's release to return to work, thus abandoning his job.

**B.      No Evidence Motion for Summary Judgment Standard**

Summary judgment is proper under Rule 166a(i) when a party fails to produce legally sufficient evidence regarding one or more elements of its claims. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942 (Tex. 1998). Under Rule 166a(i), upon a motion specifically stating the elements as to which there is no evidence, the burden shifts to the non-movant to produce evidence raising a fact issue on the challenged elements. *Greathouse v. Alvin Indep. Sch. Dist.*, 17 S.W.3d 419, 423 (Tex.App. – Houston [1st Dist.] 2000, no pet.); *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 193 (Tex.App. – Dallas 2000, dism'd w.o.j.). The party opposing a no-evidence motion for summary judgment may not rest upon the allegations of its pleadings; the party must present evidence that raises a fact issue on the challenged elements. *See King v. Texas Dept. of Human Serv. ex rel. Bost*, 28 S.W.3d 27, 34 (Tex.App. – Austin 2000, no pet.). The court must grant the motion unless respondent produces summary judgment evidence raising a genuine issue of material fact. *Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 432 (Tex.App. – Houston [14th Dist.] 1999, no pet.).

**C.      Adequate Time for Discovery Has Passed**

A no-evidence motion for summary judgment may be filed after there has been adequate time for discovery. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App. – Houston [14th Dist.] 2000, pet. denied). There is no requirement that discovery be completed. *Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex.App. – Dallas 2005, no pet.); *Fuqua*, 29 S.W.3d at 145. The deadline for completing discovery in this case has passed and trial is set for June 12, 2017.

Certified Document Number: 75185649 - Page 2 of 5

Plaintiff has had more than adequate time to develop his claims against RSI, and therefore, the filing of summary judgment is proper.

**D.**     **Plaintiff's Texas Labor Code Claim is Not Supported by Evidence.**

In Plaintiff's Original Petition, Plaintiff alleges that Texas Labor Code § 451.001 prohibits discrimination against employees and provides that a person may not discharge or in any manner discriminate against an employee because the employee has:

>        (1) filed a worker's compensation claim in good faith;
>
>        (2) hired a lawyer to represent the employee in a claim;
>
>        (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
>
>        (4) testified or is about to testify in a proceeding under Subtitle A.

Texas Labor Code §§ 451.001.

To prevail on a § 451 claim, an employee must show that "but for" the filing of the claim, the discharge would not have occurred when it did. *Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833, 837 (Tex. App.—Dallas 2000) (*citing Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450-51 n.3 (Tex. 1996), *see also, City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000). An employee's subjective belief alone is insufficient to support the casual connection required fro a worker's compensation retaliation claim. *The Housing Authority of the City of El Paso v. Guerra*, 963 S.W.2d 946, 950 (Tex. App.—El Paso 1998); *see also, Tex. Division-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994).

If Plaintiff meets this burden, which Plaintiff clearly cannot do in this instance, the burden shifts to the employer, RSI, to show that the employee was discharged for a legitimate reason. Plaintiff in this lawsuit abandoned his employment for over two months without returning phone calls or reporting on the status of his recovery. After the employer provides a legitimate reason for the termination of the employment, Plaintiff has the burden to rebut the legitimate reason provided

4817-8581-9761.1

with controverting evidence of a retaliatory motive. *McIntyre v. Lockheed Corp.*, 970 S.W.2d 695,

697 (Tex. App.—Fort Worth 1998, no pet.).  Plaintiff cannot meet his initial burden, so the inquiry

into the legitimate reason for Plaintiff's termination is never reached.

### III.    CONCLUSION

Plaintiff's claims against RSI must fail because he can offer no evidence of worker's

compensation retaliation in violation of the § 451 of the Texas Labor Code, or any sort of

discrimination.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court will

grant its Motion for No-Evidence Summary Judgment. Additionally, Defendant respectfully requests

that this court grant it such other and further relief, in law or in equity, to which it may have shown

themselves justly entitled.

Respectfully submitted,

LEWIS, BRISBOIS, BISGAARD, & SMITH, LLP

**Tracy Graves/Wolf**
Texas Bar No. 24004994
2100 Ross Avenue, Suite 2000
Dallas, TX  75201
Phone: (214) 347-4508
Fax: (972) 638-8664
Tracy.Wolf@LewisBrisbois.com

**ATTORNEYS FOR DEFENDANT**
**REFINERY SPECIALTIES INC.**

Certified Document Number: 75185649 - Page 4 of 5

## CERTIFICATE OF CONFERENCE

I, Tracy Graves Wolf, made several attempts to contact Plaintiff's counsel regarding this Motion. At the time of filing, Plaintiff's counsel had not returned my calls or responded to my emails.

Tracy Graves Wolf

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via Electronic filing on this the 22nd day of May, 2017.

Tracy Graves Wolf

4817-8581-0761.1

DEFENDANT REFINERY SPECIALISTS INC.'S MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT                    PAGE 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75185649

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

6

.

6/5/2017 6:25:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17433412
By: ARIONNE MCNEAL
Filed: 6/5/2017 6:25:59 PM

## CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES, INC.,** | § | |
| **Defendant.** | § | **189th DISTRICT COURT** |

## PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Greg Moody, Plaintiff, files this response to the "no-evidence" motion for summary judgment of Defendant, Refinery Specialties, Inc., and shows the Court as follows:

### Introduction

1.     At all times material to this cause of action and prior to his termination, Plaintiff was an employee of Defendant, Refinery Specialties, Inc., as a truck driver. On or about October 2, 2013 Plaintiff suffered a lower back injury, in the performance of his duties for Defendant. These injuries required the Plaintiff to seek medical treatment and prevented him from working. Soon after Plaintiff sought medical treatment and filed a workers' compensation claim he was notified that he no longer was employed by the Defendant.

### Facts

2.     Plaintiff was hired by Defendant Refinery Specialties, Inc., as a truck driver on November 12, 2012. (a true and correct copy of the declaration of Greg Moody is attached and incorporated by reference as Exhibit "A") Plaintiff earned more than $73,000.00 for the year

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 1

Certified Document Number: 75380623 - Page 1 of 8

2013, at the time of my injury. (a true and correct copy of my 2013 W-2 Wage and Tax Statement, is attached and incorporated by reference as Exhibit "B")

3.     On October 2, 2013, Plaintiff suffered a lower back injury in the performance of his duties for the Defendant. The company arranged for Plaintiff to be taken to Dimmit Regional Hospital.   The Company safety director, George, came to the hospital. After Plaintiff was released he was transported to his home in College Station, Texas. Plaintiff underwent a MRI at the College Station Medical Center on October 5, 2013 (a true and correct copy of the MRI report is attached and incorporated by reference as Exhibit "C")

4.     Plaintiff notified the company on the date of injury, and he was placed on workers' compensation leave on October 4, 2013. Plaintiff spoke with various company representatives, including the owner on October 3, 2013 immediately after the injury. He also spoke to the owner after he received a return to work with restrictions from Dr. P. Mark Glencross (a true and correct copy of the October 22, 2013 Texas Workers Compensation Work Status Report is attached and incorporated by reference as Exhibit "D") Plaintiff was physically present to receive the fax confirmation, from Dr. Glencross' office, that the October 22, 2013, Texas Workers Compensation Work Status Report had been sent to Defendant.

5.     On or about October 24, 2013, Plaintiff called Thomas Kahlden. Plaintiff was then informed that there was no light duty, and he could only return to work if he had a full release to work.  During Plaintiff's entire employment with Defendant, he was never given or made aware of any written, published requirement to call the owner of the business, while on workers' compensation.  During the period of October 3, 2013 to December 31, 2013, Plaintiff was in contact with his supervisor, the safety director, the owner, and the office manager, Tamara Roberts.

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 2

Certified Document Number: 75380623 - Page 3 of 8

6.      On February 19, 2014, Plaintiff armed with an authorization to return to work with restrictions, per the February 18, 2014 Texas Workers Compensation Work Status Report (a true and correct copy of the February 18, 2014 Texas Workers Compensation Work Status Report is attached and incorporated by reference as Exhibit "E") Plaintiff contacted the office manager, the owner came on the phone informed Plaintiff that he had been terminated for job abandonment on December 31, 2013.  A letter dated February 20, 2014 was sent to Plaintiff stating that this "failure to meet a requirement to check in with the owner as his supervisor between October 2013 and December 31, 2013 was job abandonment". (a true and correct copy of the letter is attached in incorporated by reference as Exhibit "F").

7.      The February 18, 2014, Texas Workers' Compensation Work Status Report was the clinical recovery plateau and made the foundation for the designated doctor, Glencross to issue a MMI on March 21, 2014. (a true and correct copy of Dr. Glencross' report is attached and incorporated by reference as Exhibit "F").

8.      Plaintiff was terminated because he filed a claim and was awaiting a proceeding for MMI/IR as a result of the February 18, 2014 Texas Workers' Compensation Work Status Report. The owner acted negatively toward Plaintiff on February 19, 2014 stating that "he could not hold his job because he had a business to run" and "didn't know when Plaintiff would return." The actions of the Defendant so shocked the Plaintiff he made notes of Defendant's comments immediately after the call. (a true and correct copy of the note is attached and incorporated by reference as Exhibit "G").

9.      Plaintiff was terminated retroactively due to his pending MMI proceeding with a designated physician. Plaintiff did not abandon his job and was in constant contact by Texas Workers Compensation Work Status Reports with the company. Plaintiff was never made aware

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 3

of any duty to report and check in with the owner as his "supervisor" between October 2013 and December 31, 2013. Plaintiff stayed in constant contact with the company and discussed his status with the owner during the period between October 2013 and December 31, 2013. The owner gave the parameters to return to work in October of 2013, and never discussed any reporting requirements outside of complying with the medical directives and submitting Worker's Compensation Status Reports.   Plaintiff was a first-time workers compensation claimant, at Defendant's operations, Plaintiff was never given any written published instruction regarding contact requirements; nor did Plaintiff see any other worker, on workers compensation, be required to stay in contact with the owner of a company of several hundred employees.

## Arguments & Authorities

10.     In the context of a summary judgment the court must examine the judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex,2007).  For a party to prevail on a motion for summary judgment it must conclusively establish an absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P 166a(c). A genuine issue of material fact is raised if the nonmovant produces more than a scintilla of evidence regarding the challenged element. *King Ranch, Inc., v Chapman*, 118 S.W.3d 742, 750 (Tex. 2003).  The Plaintiff produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions". *Id.*  The Plaintiff produced more than a scintilla of evidence regarding filing his Original Petition and subsequent amendments to satisfy the statute of limitations. Defendant would suffer no prejudice –all witnesses, medical providers, and the investigating officer are available; further Plaintiff has meritorious claims against

Certified Document Number: 75380623 - Page 4 of 8

Defendant.

11.     More than a scintilla of evidence exists when the evidence supporting the findings, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If more than a scintilla of evidence exists, it is legally sufficient. *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

12.     The Texas Workers' Compensation Act provides that a person may not discharge or in any manner discriminate against an employee because the employee has (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted a workers' compensation proceeding in good faith; or (4) testified or is about to testify in such a proceeding. Tex. Lab. Code § 451.00. *Armendariz v. Redcats USA, L.P.*, 300 S.W.3d 463, 467-468 (TEx.App.-El Paso 2012, no pet. h.)

13.     Further, an employee who is fired after making a claim is entitled to protection of the statute if there is evidence of causation. *Mid-South Bottling Co., v Cigainero*, 799 S.W.2d 385, 389 (Tex. App.—Texarkana 1990, writ denied). Causation can be proven by temporal proximity between the protected conduct and the [*Hertz Equipment Rental Corp. v. Barousse* 365 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) adverse action also may constitute circumstantial evidence of a causal link. 365 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Parker v. Valerus Compression Services, LP*, 365 S.W.3d 61, 67 (Tex. App.—Houston [1st Dist.] 2011, pet. denied)].

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 5

Certified Document Number: 75380623 - Page 5 of 8

14.    In the case at bar, Defendant Refinery Specialties, Inc. contends that the Plaintiff's claims have no evidentiary support. However, evidence exists to all elements of Plaintiff's claims to at least raise a genuine issue of material fact as to Plaintiff's claim that but for the filing of the claim and the coming proceeding on MMI/IR, Plaintiff would not have been discharged.

15.    More specifically, Plaintiff was an employee of Defendant, and was injured on the job on October 2, 2013. Plaintiff filed a claim in good faith. Plaintiff went on workers compensation leave on October 4, 2013. The Plaintiff caused or instituted a MMI (Maximum Medical Improvement) proceeding; after the February 18, 2014 Texas Workers Compensation Work Status Report.

16.    The Plaintiff watched as the designated doctor, Dr. P. Mark Glencross' staff sent a copy of the Texas Workers Compensation Work Status Report by fax to the company at the end of each evaluation visit. The company had notice that Plaintiff was still awaiting clearance, and a pretextual reason for termination was given.

17.    On February 19, 2014, the day after receipt of the February 18, 2014 Texas Workers Compensation Work Status Report, the employer informed the Plaintiff that he had been terminated, because he couldn't hold the job for him and not know when he was able to return to full work status and that" he had a business to run". A termination letter was sent on February 20, 2014 stating for the first time that there was "a requirement" to check in with the supervisor /owner. There was no written published notice of a requirement to check in with the owner of a company with several hundred workers.

18.    Circumstantial evidence that may establish the casual link includes knowledge of the compensation claim by the person making the discharge decision; expression of a negative

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 6

attitude towards the employee's injured condition. *[Hertz Equipment Rental Corp. v. Barousse,* 365 S.W.3d 46, 54 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Parker v. Valerus Compression Services, LP,* 365 S.W.3d 61, 67 (Tex. App.—Houston [1st Dist.] 2011, pet. denied)]. The letter stated that the mysterious policy, that was failure to adhere to establish company policies and was a discriminatory treatment of the employee in comparison to other similarly situated employees;  had been invoked, and the termination was retroactive to the period between October 3, 2013 and December 31, 2013.

19.    There is evidence that the employer gave a false reason; *[Hertz Equipment Rental Corp. v. Barousse,* 365 S.W.3d 46, 54 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Parker v. Valerus Compression Services, LP,* 365 S.W.3d 61, 67 (Tex. App.—Houston [1st Dist.] 2011, pet. denied)* The owner  who had notice of the claim since the day it occurred, gave the false reason of "job abandonment" despite the statement that Plaintiff's workers compensation status was the real reason. Plaintiff had been in contact with various persons at the company including the owner during the period of October 3, 2013 and December 31, 2013.

## Conclusion

20.    The statement of the owner that the inability to return to full duty as reflected in the February 18, 2014 Texas Workers Compensation Work Status Report and the notes taken by Plaintiff at the time the words were spoken, raise material issues of genuine fact of  the wrongful discharge of the Plaintiff in retaliation for filing a workers' compensation claim.

6. "But for" the filing of the claim the discharge would not have occurred; *Vallance v. Irving C.A.R.E.S.,Inc.,* 14 S.W.3d 833,837 (Tex.App.—Dallas 2000). The proof that the Plaintiff filed a claim in good faith, instituted proceedings in good faith and was fired on a false reason, in proximity of the February 18, 2014 Texas Workers Compensation Work Status Report are

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANT'S MOTION FOR

Page 7

evidentiary matters that the raises material issues of genuine fact  in response to the Defendants 'no-evidence' motion for summary judgment.

## Prayer

Wherefore Plaintiff, Greg Moody requests that this Court deny the Defendant's motion for no evidence summary judgment.

Respectfully submitted.

/s/ Kevin A. Murray

**Kevin A. Murray**
State Bar. No. 24007720
Galleria Financial Center
5075 Westheimer Rd., Suite 980
Houston, Texas 77056
Telephone: (713) 355-5500
Facsimile: (888) 331-5747
kmurray@murrlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the following document has been duly served upon all counsel of record, in accordance with the Texas Rules of Civil Procedure by:

____x__ Electronic Notification;
_____ Federal Express;
_____ First Class Mail;
_____ Hand Delivery;
_____ Facsimile Transmittal; and/or
_____ Certified Mail Return Receipt Requested.

On this the 5th day of June 2017.

/s/ Kevin A. Murray
Kevin A. Murray

PLAINTIFF GREG MOODY'S RESPONSE TO DEFENDANTS MOTION FOR

Page 8



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380623

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "A"

Certified Document Number: 75380624 - Page 1 of 4

Certified Document Number: 75380624 - Page 2 of 4

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES, INC., | § | |
| Defendant. | § | 189th DISTRICT COURT |

---

### PLAINTIFF GREG MOODY'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT REFINERY SPECIALTIES, INC., MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

---

1.      I, Gregg Moody, declare: I was hired by Defendant Refinery Specialties, Inc., as a truck driver on November 12, 2012.  I was earning more than $73,000.00 for the year 2013, at the time of my injury. (a true and correct copy of my 2013 W-2 Wage and Tax Statement, is attached and incorporated by reference as Exhibit "B");

2.      On October 2, 2013, I suffered a lower back injury in the performance of my duties for the Defendant. The company arranged for me to be taken to Dimmit Regional Hospital.  The Company safety director, George, came to the hospital. After I was released I was transported to my home in College Station, Texas. I underwent a MRI at the College Station Medical Center on October 5, 2013 (a true and correct copy of the MRI report is attached and incorporated by reference as Exhibit "C")

3.      I notified the company on the date of injury, and I was placed on workers compensation leave on October 4, 2013. I spoke with various company representatives, including the owner on October 3, 2013 immediately after the injury. I also spoke to the owner after I received a return to work with restrictions from Dr. P. Mark Glencross (a true and correct copy of the October 22, 2013 Texas Workers Compensation Work Status Report is attached and incorporated by reference as Exhibit "D") I was physically present to receive confirmation from Dr. Glencross' office, that the October 22, 2013, Texas Workers Compensation Work Status Report had been sent to the company.

4.      On or about October 24, 2013, I called Thomas Kahlden, I was told there was no light duty, and I could only return to work if I had a full release to work. During my entire employment with Defendant, I was never given or made aware of any written, published requirement to call the owner of the business, while on Workers' Compensation. During the period of October 3, 2013 to December 31, 2013, I was in contact with my supervisor, the safety director, the owner, and the office manager, Tamara Roberts. I gave my telephone records of the contacts to my attorney in 2015.

5.      On February 19, 2014, with an authorization to return to work with restrictions, per the February 18, 2014 Texas Workers Compensation Work Status Report (a true and correct copy of the February 18, 2014 Texas Workers Compensation Work Status Report is attached and incorporated by reference as Exhibit "E"). I contacted the office manager regarding, the owner came on the phone informed me that I had been terminated for job abandonment on December 31, 2013. A letter dated February 20, 2014 was sent to me stating that "my" failure to meet a requirement to check in with the owner "as my supervisor between October 2013 and December 31, 2013 was "job abandonment". (a true and correct copy of the letter is attached in incorporated by reference as Exhibit "F").

6. The February 18, 2014, Texas Workers Compensation Work Status Report was the clinical recovery plateau and made the foundation for the designated doctor, Glencross to issue a MMI on March 21, 2014. (a true and correct copy of Dr. Glencross' report is attached and incorporated by reference as Exhibit "F").

7.      Based on belief and information the owner terminated me because I filed a claim and was awaiting a proceeding for MMI/IR as a result of the February 18, 2014 Texas Workers Compensation Work Status Report. The owner acted negatively toward me on February 19, 2014 stating that "he could not hold my job because he had a business to run" and "didn't know when I would return." I was so shocked I made a note on that day immediately after the call. (a true and correct copy of the note is attached and incorporated by reference as Exhibit "G").

8.      I was terminated retroactively due to my pending MMI proceeding with a designated physician. I did not abandon my job and I was in constant contact by Texas Workers Compensation Work Status Reports with the company. I was never made aware of any duty to report and check in with the owner as "my supervisor" between October 2013 and December 31, 2013. I stayed in contact with the company, and discussed my status with the owner during the period between October 2013 and December 31, 2013. The owner had given the parameters to return to work in October of 2013, and never discussed any reporting requirements outside of complying with the medical directives and submitting Worker's Compensation Status Reports. I was a first-time workers compensation claimant, at Defendant's operations, I was never given any written published instruction regarding contact requirements; nor did I see any other worker, on Workers Compensation, be required to stay in contact with the owner of a company of several hundred employees.

JURAT

My name is Gregory Moody, my date of birth is February 11, 1989, my address 24323 Broken Bow Lane, Hockley, Texas 77447. I declare under the penalty of perjury that every statement in the foregoing Declaration is within my personal knowledge and is true and correct.

Executed in Harris County, State of Texas, on the 2nd day of June 2, 2017.

Declarant



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:      75380624

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit "B"

Certified Document Number: 75380625 - Page 1 of 2

EMPLOYEE W-2 WAGE SUMMARY 2013

0470-E130        060002

REFINERY SPECIALTIES INC
PO BOX 577
HEMPSTEAD TX 77445

The chart below indicates your 2013 voluntary payroll adjustments which are included (+), excluded (-), or did not affect (N/A) your federal wages (Box 1) and state wages.

| VOLUNTARY ADJUSTMENTS | YTD AMOUNT | FEDERAL WAGES |
|---|---|---|
| MED 125-Y | 1750.20 | -1750.20 |
| LIFE INSUR | 33.96 | N/A |
| MED POST-T | 5559.62 | N/A |
| DEN POST-T | 40.07 | N/A |

FEDERAL WITHHOLDING EXEMPTIONS        M  2
TX WITHHOLDING EXEMPTIONS             3  5

REGULAR WAGES FOR 2013       79182.38

GREGORY A MODDY
925 CREPE MYRTLE
COLLEGE STATION TX 77845

         060002

Copy C, for employees records

WBSSOF0F 0F060060621

Form W-2 Wage and Tax Statement 2013

| a Control number   0470-E130 | | b Employer's name, address, and ZIP code | | Department of the Treasury - Internal Revenue Service OMB No 1545-0008 | |
|---|---|---|---|---|---|
| 00000G9127 000002 | | REFINERY SPECIALTIES INC PO BOX 577 HEMPSTEAD TX 77445 | | 1 Wages, tips, other compensation 79282.18 | 2 Federal income tax withheld 8677.67 |
| Employer's identification number   d Employee's social security number | | | | 3 Social security wages 73544.80 | 4 Social security tax withheld 4559.77 |
| 76-0083133 | **0-**-**-9125 | | | | |
| 12b  See instr. for box 12   13 Other | | c Employee's name, address, and ZIP code | | 5 Medicare wages and tips 73944.80 | 6 Medicare tax withheld 1072.73 |
| | | GREGORY A MODDY 925 CREPE MYRTLE COLLEGE STATION TX 77845 | | 7 Social security tips | 8 Allocated tips |
| | | | | 9 Advance EIC payment | 10 Dependent care benefits |
| | | | | 11 Nonqualified plans | |
| 15 State  Employer's state ID No | | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc.   18 Local income tax | 20 Locality name |

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Certified Document Number: 75380625 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380625

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit "C"

Certified Document Number: 75380626 - Page 1 of 3

- College Station Medical Center
- 1604 Rock Prairie
- College Station, TX 77845
- 979 764 5190

Pt. Name: MOODY, GREGORY A
MRN: 375277
DOB: 19890211
Sex: M
Pt. Class: I
Pt. Location: MS2
Account Number: 7358198
Ordering MD: P201
Attending MD: MORAN, KATE
Admitting MD: PASSI, KAPIL
Study Date: 10/05/2013 10:08:19
Accession #: 73581980001500
Procedure code: MRLSPNW
Procedure: MRI LUMB SPINE W-WO C
Reason for study: BILATERAL LE PAIN AND LBP

MRI of lumbar spine performed without contrast enhancement:

History: Bilateral lower extremity pain and low back pain.

The vertebral bodies are normal in height. Disc spaces appear well-preserved.
There are disc desiccation changes at L4-L5.

There is no significant periaortic adenopathy. The visualized portions of the
kidneys are unremarkable.

L1-L2: Unremarkable.

L2-L3: Unremarkable.

L3-L4: Unremarkable.

L4-L5: There is a central disc protrusion at this level indenting the anterior
margin of the cord and associated with some minimal canal stenosis. There is
some borderline bilateral foraminal narrowing.

L5-S1: There is a very mild disc bulge present at this level some borderline
bilateral foraminal narrowing no central canal stenosis.

Impression:
1. Central disc protrusion at L4-L5 indenting the anterior margin of the cord in
association minimal canal stenosis. Other findings as noted above.
- Transcribed by: PowerScribe
Dictated By: Campbell, James
Dictated on: 10/05/2013 11:04:54
Signed By: Campbell, James
Signed On: 10/05/2013 11:10:08

- College Station Medical Center
- 1604 Rock Prairie
- College Station, TX 77845
- 979 764 5300

Pt. Name: MOODY, GREGORY A
MRN: 375277
DOB: 19890211
Sex: M
Pt. Class: I
Pt. Location: M52
Account Number: 7358198
Ordering MD: 7823
Attending MD: MORAN, KATE
Admitting MD: PASSI, KAPIL
Study Date: 10/05/2013 11:26:02
Accession #: 73581980001100
Procedure code: MRTSP
Procedure: MR-THOR SPINE WO CON
Reason for study: mri thoracic and lumbar with iv contrast back pain with weak

MRI thoracic spine performed without contrast enhancement:

History: Mid back pain.

The vertebral bodies are normal in height. Disc spaces all appear
well-preserved. No canal stenosis. Spinal cord is normal in appearance. No
abnormal signal change seen. The paravertebral soft tissues appear
unremarkable.

Impression: Unremarkable MRI of thoracic spine.
-- Transcribed By: PowerScribe
Dictated By: Campbell, James
Dictated on: 10/05/2013 11:27:09
Signed By: Campbell, James
Signed On: 10/05/2013 11:30:08

Certified Document Number: 75380626 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380626

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "D"

Certified Document Number: 75380627 - Page 1 of 2

Employee – You are required to report work injury to your employer within 30 days if you... employer has workers' compensation insurance. You have the right to free assistance from the Texas Department of Insurance, Division of Workers' Compensation and may be subject to certain medical and income benefits. For more information and your local field office contact us at 1-800-252-7031.

Empleado – Es necesario que reporte su lesión a su empleador dentro de 30 días a partir de la fecha en que su lesión si al caso su empleador cuenta con un seguro de compensación para trabajadores. Usted tiene derecho a recibir asistencia gratuita por parte de la División de Compensación para Trabajadores, y también puede tener derecho a recibir beneficios médicos y monetarios. Para mayor información comuníquese con la oficina más de la División al teléfono 1-800-252-7031.



# TEXAS WORKERS' COMPENSATION WORK STATUS REPORT

| PART I: GENERAL INFORMATION | 5. Doctor's Name and Degree: P Mark Glencross, MD MPH | (for transmission purposes only) | Date Being Sent: 10/22/2013 |
|---|---|---|---|

| 1. Injured Employee's Name: Greg Moody | 6. Clinic/Facility Name: CS Medical Center Occupational Medicine | 9. Employer's Name: Refinery Specialists, Inc. |
|---|---|---|
| 2. Date of Injury: 10/02/2013 | 3. Social Security Number (last): xxx-xx-9129 | 7. Clinic/Facility/Doctor Phone & Fax: (979) 680-9673   (979) 485-3650 | 10. Employer's Fax # or Email Address (if known): (979) 826-4915   sharon@rsichem.com |
| 4. Employee's Description of Injury/Accident: | 8. Clinic/Facility/Doctor Address (street address): 3201 University Drive East | 11. Carrier Name: Texas Mutual |
| | City: Bryan   State: TX   Zip: 77802 | 12. Carrier's Fax # or Email Address (if known): (512) 224-3889 |

## PART II: WORK STATUS INFORMATION (FULLY COMPLETE ONE INCLUDING ESTIMATED DATES AND DESCRIPTION IN 13(d) AS APPLICABLE)

13. The injured employee's medical condition resulting from the workers' compensation injury:

☐ (a) will allow this employee to return to work as of _____ (date) without restrictions.

☒ (b) will allow the employee to return to work as of __10/22/2013__ (date) with the restrictions identified in PART III, which are expected to last through __10/29/2013__ (date).

☐ (c) has prevented and still prevents the employee from returning to work as of _____ (date) and is expected to continue through _____ (date).

The following describes how this injury prevents the employee from returning to work:

## PART III: ACTIVITY RESTRICTIONS (ONLY COMPLETE IF BOX 13(b) IS CHECKED)

| 14. POSTURE RESTRICTIONS (if any): | | 17. MOTION RESTRICTIONS (if any): | | 18. MISC. RESTRICTIONS (if any): |
|---|---|---|---|---|
| Max Hours per day: 0 2 4 6 8 | Other | Max Hours per day: 0 2 4 6 8 | Other | ☐ Max hours per day of work |
| Standing ☐☐☐☐☐ | | Walking ☐☒☐☐☐ | | ☐ Sit/Stretch breaks of ___ per ___ |
| Sitting ☐☐☐☐☐ | | Climbing stairs/ladders ☐☐☐☐☐ | | ☐ Must wear splint/cast at work |
| Kneeling/Squatting ☐☐☐☐☐ | | Grasping/Squeezing ☐☐☐☐☐ | | ☐ Must use crutches at all times |
| Bending/Stooping ☒☐☐☐☐ | | Wrist flexion/extension ☐☐☐☐☐ | | ☐ No driving/operating heavy equipment |
| Pushing/Pulling ☒☐☐☐☐ | | Reaching ☐☐☐☐☐ | | ☐ Can only drive automatic transmission |
| Twisting ☒☐☐☐☐ | | Overhead Reaching ☐☐☐☐☐ | | ☐ No work ___ hours/day work ☐ in extreme heat/cold environments ☐ at heights or on scaffolding |
| Other ☐☐☐☐☐ | | Keyboarding ☐☐☐☐☐ | | ☐ Must keep ☐ elevated ☐ clean & dry |
| 15. RESTRICTIONS SPECIFIC TO (if applicable): | | Other ☐☐☐☐☐ | | ☐ No skin contact with: _____ |
| ☐ Left Hand/Wrist ☐ Left Leg | | 19. LIFT/CARRY RESTRICTIONS (if any): | | ☐ Dressing changes necessary at work |
| ☐ Right Hand/Wrist ☐ Right Leg | | ☐ May not lift/carry objects more than 10 lbs. for more than ___ hours per day | | ☐ No running |
| ☐ Left Arm ☒ Back | | | | |
| ☐ Right Arm ☐ Left Foot/Ankle | | ☐ May not perform any lifting/carrying | | 20. MEDICATION RESTRICTIONS (if any): |
| ☐ Neck ☐ Right Foot/Ankle | | | | ☐ Must take prescription medication(s) |
| ☐ Other _____ | | ☐ Other | | ☐ Advised to take over the counter meds ☒ Medication may make drowsy (possible safety/driving issues) |

16. OTHER RESTRICTIONS (if any):
Back: Work should be limited to 4 hours per day. Lifting should be limited to 10 pounds or less. Sit stand two hours max. No bend or stoop. Do not operate heavy machinery.

*These restrictions are based on the doctor's best understanding of the employee's essential job functions. If a particular restriction does not apply it should be disregarded. If modified duty that meets these restrictions is not available, the patient should be treated as if off work. Note – these restrictions should be followed outside of work as well as at work.

## PART IV: TREATMENT/FOLLOW-UP APPOINTMENT INFORMATION

| 21. Work Injury Diagnosis Information: 1. Low Back Pain (724.2). 2. Degen disc, Lumbar spine (722.52). | 22. Expected Follow-up Services Include: ☒ Evaluation by the treating doctor on __10/29/2013__ (date) at __9:15 AM__ ☐ Referral to/Consult with _____ on _____ (date) at _____ ☒ Physical medicine __X__ per week for ___ weeks starting on _____ (date) at _____ ☐ Special studies (list) _____ (date) at _____ ☐ None. This is the last scheduled visit for this problem. At this time, no further medical care is anticipated. |
|---|---|

| Date/Time of Visit: 10/22/2013 9:45 AM | EMPLOYEE'S SIGNATURE | DOCTOR'S SIGNATURE | Visit Type: ☐ Initial ☒ Follow-up | Title of Doctor: ☐ Designated doctor ☒ Treating doctor ☐ Referral doctor ☐ Consulting doctor | ☐ Carrier selected RME ☐ DWC selected RME ☐ Other doctor |
|---|---|---|---|---|---|
| Discharge Time: 11:00 AM | | | | | |

DWC FORM-73 (Rev. 02/11) Page 1

DIVISION OF WORKERS' COMPENSATION



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380627

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "E"

Certified Document Number: 75380628 - Page 1 of 2



# TEXAS WORKERS' COMPENSATION WORK STATUS REPORT

Employee - You are required to report your injury to your employer within 30 days of injury/employer last accident compensation benefits. You have the right to free assistance from the Texas Department of Insurance, Division of Workers' Compensation and may be entitled to certain medical and income benefits. For further information call your local Division field office or 1(800) 252-7031.

(for transmission purposes only)   Date Being Sent 02/18/2014

**PART I. GENERAL INFORMATION**

5. Doctor's Name and Degree
Shawn Janson, PA-C

1. Injured Employee's Name
Greg Moody

6. Clinic/Facility Name
CS Medical Center Occupational Medicine

7. Employer's Name
Refinery Specialties, Inc.

2. Date of Injury
10/22/2013

3. Social Security Number (last)
XXX-XX-9829

8. Clinic/Facility/Doctor Phone & Fax
(979) 680-9675   (979) 485-8650

10. Employer's Fax # or Email Address (if known)
(979) 826-4935   sharon@rsicham.com

4. Employee's Description of Injury/Accident

9. Clinic/Facility/Doctor Address (street address)
3201 University Drive East
City Bryan   State TX   Zip 77802

11. Insurance Carrier
Texas Mutual

12. Carrier's Fax # or Email Address (if known)
(512) 224-3883

**PART II. WORK STATUS INFORMATION** (FULLY COMPLETE ONE INCLUDING ESTIMATED DATES AND DESCRIPTION IN 13.) (AS APPLICABLE)

13. The injured employee's medical condition resulting from the workers' compensation injury:

☐ will allow the employee to return to work as of _____ (date) without restrictions.

☒ will allow the employee to return to work as of 02/18/2014 (date) with the restrictions identified in PART III, which are expected to last through 03/04/2014 (date).

☐ has prevented and still prevents the employee from returning to work as of _____ (date) and is expected to continue through _____ (date).

The following describes how this injury prevents the employee from returning to work:

**PART III. ACTIVITY RESTRICTIONS\*** (ONLY COMPLETE IF BOX 13(b) IS CHECKED)

| 14. POSTURE RESTRICTIONS (if any) | | 17. MOTION RESTRICTIONS (if any) | | 19. MISC. RESTRICTIONS (if any) |
|---|---|---|---|---|
| Max Hours per day: 0 2 4 6 8   Other | | Max Hours per day: 0 2 4 6 8   Other | | ☐ Max hours per day of work: ___ |
| Standing ☐☐☐☐☐ | | Walking ☐☐☐☐☐ | | ☐ Sit/Stretch breaks of ___ per ___ |
| Sitting ☐☐☐☐☐ | | Climbing stairs/ladders ☐☐☐☐☐ | | ☐ Must wear splint/cast at work |
| Kneeling/Squatting ☐☐☐☐☐ | | Grasping/Squeezing ☐☐☐☐☐ | | ☐ Must use crutches at all times |
| Bending/Stooping ☐☐☐☐☐ | | Wrist flexion/extension ☐☐☐☐☐ | | ☐ No driving/operating heavy equipment |
| Pushing/Pulling ☐☐☐☐☐ | | Reaching ☐☐☐☐☐ | | ☐ Can only drive automatic transmission |
| Twisting ☐☐☐☐☐ | | Overhead Reaching ☐☐☐☐☐ | | ☐ No work / ___ hours/day work: |
|  | |  | | ☐ In extreme hot/cold environments |
| Other ☐☐☐☐☐ | | Keyboarding ☐☐☐☐☐ | | ☐ at heights or on scaffolding |
|  | | Other ☐☐☐☐☐ | | Must keep ☐ elevated ☐ clean & dry |

15. RESTRICTIONS SPECIFIC TO (if applicable):
☐ Left Hand/Wrist   ☐ Left Leg
☐ Right Hand/Wrist   ☐ Right Leg
☐ Left Arm   ☐ Back
☐ Right Arm   ☐ Left Foot/Ankle
☐ Neck   ☐ Right Foot/Ankle
☐ Other:

18. LIFT/CARRY RESTRICTIONS (if any):
☐ May not lift/carry objects more than ___ lbs for more than ___ hours per day
☐ May not perform any lifting/carrying
☐ Other:

☐ No skin contact with ___
☐ Dressing changes necessary at work
☐ No running

20. MEDICATION RESTRICTIONS (if any):
☐ Must take prescription medication(s)
☐ Advised to take over-the-counter meds
☐ Medication may make drowsy (possible safety/driving issues)

16. OTHER RESTRICTIONS (if any):
Static: Work should be limited to 8 hours per day. Lifting should be limited to 20 pounds or less. Do not operate heavy machinery.

\* These restrictions are based on the doctor's best understanding of the employee's exertion/job function. If a particular restriction does not apply, it should be disregarded. If modified duty that meets these restrictions is not available, the patient should be considered to be off work. Note - these restrictions should be followed outside of work as well as at work.

**PART IV. TREATMENT/FOLLOW-UP APPOINTMENT INFORMATION**

21. Work Injury Diagnosis Information:
1. Low Back Pain (724.2).
2. Degen disc, Lumbar spine (722.52). 3. Sprain, Lumbar Spine (847.2).

22. Expected Follow-up Services include:
☒ Evaluation by the treating doctor on 03/04/2014 (date) at 9:00 AM
☐ Referral to/Consult with ___ on ___ (date) at ___
☐ Physical medicine ___ X per week for ___ weeks starting on ___ (date) at ___
☐ Special studies (list): ___ on ___ (date) at ___
☐ None - This is the last scheduled visit for this problem. At this time, no further medical care is anticipated.

Date & Time of Visit
02/18/2014  9:00 AM
Next Visit Time
3:59 A.M.

EMPLOYEE'S SIGNATURE

DOCTOR'S SIGNATURE

Visit Type:
☐ Initial
☒ Follow-up

Role of Doctor:
☐ Treating doctor
☐ Treating doctor
☐ Referral doctor
☐ Consulting doctor

☐ Carrier-selected RME
☐ DWC-selected RME
☐ Other doctor



DWC Form-73 (Rev. 06/10) Page 1

DIVISION OF WORKERS' COMPENSATION

Certified Document Number: 75380628 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380628

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit "F"

Certified Document Number: 75380629 - Page 1 of 2



# REFINERY SPECIALTIES, INC.

Specialty Products for the Oil and Gas Industry

Refinery Specialties, Inc.
P. O. Box 577
Hempstead, Texas 77445

02/20/2014

Gregory Moody
935 Crepe Myrtle
College Station, Texas 77845

Dear Mr. Moody:

Pursuant to your request, this letter is to confirm that your position with Refinery Specialties, Inc. was terminated effective December 31, 2013, due to your failure to report and check in with your supervisor, Thomas Kahlden. This includes, without limitation, your failure to respond to multiple phone calls and voice messages left for you between October of 2013—the last time we received any communication from you —and December 31, 2013.

If you have not already, you will be receiving a package of information which includes details on any continuing benefits.

If I can be of any help during this transition, please let me know.

Sincerely,

Tamara Roberts
Office Manager

HOU 3/05440.1


Certified Document Number: 75380629 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380629

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "G"

Certified Document Number: 75380630 - Page 1 of 3

979-703 6702                                                        09:52:14 a.m.    03-25-2014    2/3



College Station
Medical Center
Occupational Medicine

DATE:                03/21/2013
PATIENT:             Gregory Moody
DATE OF INJURY:      10/02/2013

INSURER:             Myra Lopez
                     Coventry Workers' Compensation Services
                     (888) 252-5075
                     (314) 513-9407
                     F (800) 863-8860
                     CLAIM 9960000761479

                     Tammy Nicholas
                     Texas Mutual
                     6210 East Hwy 290
                     Austin TX 78723
                     (888) 532-5246
                     F (512) 224-3889

EMPLOYER:            Sharon Vantilburg
                     Refinary Specialties Inc
                     PO Box 577
                     Hempstead, TX 77445
                     (979) 826-4961
                     F (979) 826-4935

REASON:              MMI/IR

HISTORY: Mr. Moody has been treated at this clinic for 5 months following a work related injury. He
has been treated conservatively with rest, medication, therapy, and restricted activity. He was found to
have an abnormal MRI. Pain, limitation, history, and examination are concordant with the disc
displacement found on MRI. His clinical recovery reached a plateau, following which further
improvement was not noted after February 18, 2014. His range of motion, pain level and medication
use have been similar since that date. He was sent for a Functional Capacity Evaluation on March 18,
2014 and failed to demonstrate sufficient ability to return to work. His examination failed to reveal
objective signs of radiculopathy. He does continue to demonstrate guarding and paraspinal muscular
spasm in the low back. There are no signs of spinal fracture.

DISCUSSION: Surgical evaluation under W/C insurance has been denied and his claim is in dispute.
Based on his static clinical status and unchanged subjective symptom, his functional testing results, and
his lack of medical options, further meaningful recovery is unlikely and he at Maximal Medical
Improvement. Based on the AMA Guides 4th edition, his impairment is best described by DRE
Lumbosacral Category II, page 102. This is described to be a 5% Whole Person Impairment. He

3201 University Drive East | Suite 135 | Bryan, TX 77802 | (979) 580-WORK (9675) | Fax (979) 485-8650

RECEIVED TIME  2/25/2014 9:53:14 AM [Central Daylight Time]

Certified Document Number: 75380630 - Page 2 of 3

STS-7G3-6768

09.52:28 a.m.   03-25-2014   3/3

Moody, Greg   2

continues with medical recommendations to avoid moderate or heavy lifting or carrying, avoid frequent bending or stooping and avoid continuous standing or walking. His medical condition continues to require medication and may at times require that he avoid activities outside his home. He may also require more intensive medical treatment with likely exacerbations in his future. If he seeks more aggressive surgical care on his own, there is the potential for further clinical recovery, although this can not be guaranteed. He has been advised to make the best of his situation and ability, to keep active, perform his home exercises and stretches.

P. Mark Glencross, MD, MPH, FACOEM, FAAPMR
Board Certified American Board of Preventive Medicine (ABPM): Occupational Medicine
Board Certified American Board of Physical Medicine and Rehabilitation (ABPMR)
Board Certified Subspecialty: Sports Medicine (ABPMR)
Certification in Evaluation of Disability and Impairment Rating (AADEP)
Designated Doctor (Texas, TDI-DWC)

RECEIVED TIME  3/25/2014 8:53:11 AM (Central Daylight Time)



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:      75380630

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Exhibit "H"

Certified Document Number: 75380631 - Page 1 of 2

2-18-14   12:11pm

Thomas (M) - He informed me I was fired on Dec 31,13
for abandonment of my job. Thomas also said I could
have my job back once I was released from the
doctors care. He inform me he couldn't hold my job for
me because he had a business to run an didn't know
when I was going to return. ~~He wouldn't called or~~
~~messages~~ ~~to~~ ~~the~~ Thomas said he tried
calling me, but I never received any phone call or
messages. I ~~keep~~ my ~~boss~~ information that
while off from work ~~also~~ around ~~mid~~ October.



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380631

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7

5/22/2017 10:37:04 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 17162545
By: MOSLEY, DEANDRA S
Filed: 5/22/2017 10:37:04 AM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES INC., | § | |
| | § | |
| Defendant. | § | 189th JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT REFINERY SPECIALTIES INC.'S MOTION FOR NO-EVIDENCE SUMMARY JUDGMENT

On this day came on to be considered, Defendant Refinery Specialties Inc.'s Motion for No-Evidence Summary Judgment in the above-styled and numbered cause. The Court, having considered the Motion for No-Evidence Summary Judgment, is of the opinion that it should be **GRANTED** in its entirety. It is therefore

**ORDERED, ADJUDGED and DECREED** that Defendant Refinery Specialties Inc.'s Motion for No-Evidence Summary Judgment is in all parts **GRANTED**. Further, it is

**ORDERED, ADJUDGED and DECREED** that all of Plaintiffs' claims and causes of actions against Defendant Refinery Specialties Inc. are hereby dismissed with prejudice.

As the Court intends for this Order Granting Summary Judgment to be a final judgment, any relief not expressly granted herein is hereby **DENIED**.

Signed this the _____ day of _____. 2017.

_____
JUDGE PRESIDING

Certified Document Number: 7518650 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75185650

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

8

6/5/2017 6:25:59 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17433412
By: MCNEAL, ARIONNE
Filed: 6/5/2017 6:25:59 PM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| **GREG MOODY,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **REFINERY SPECIALTIES, INC.,** | § | |
| **Defendant.** | § | **189ᵗʰ DISTRICT COURT** |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

On _____ came to be considered Defendant's Motion for Summary Judgment, having reviewed the Motion, finds that there is sufficient cause for this order to be issued.

It is therefore, ORDERED that said Motion be, and the same hereby, DENIED.

_____
PRESIDING JUDGE

Certified Document Number: 75380632 - Page 1 of 1

ORDER – SOLO PAGE



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75380632

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9

6/7/2017 3:38:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 17482561
By: ARIONNE MCNEAL
Filed: 6/7/2017 3:38:48 PM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| REFINERY SPECIALTIES, INC.,<br>Defendant. | §<br>§ | 189th DISTRICT COURT |

PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff makes this motion for continuance on the grounds that he is not able to try this case, at its present setting. In support of this motion they show the Court the following:

I.

1.    This case currently is set for jury trial for the two-week period starting May 12, 2017. This is suit based on retaliation involving an workers' compensation claim.

2.    Very little discovery has been done, neither Plaintiff nor Defendant has been deposed. This case has yet to mediated and both Plaintiffs' and Defendant's counsel have discussed mediation as a means to resolve this case. Plaintiff and Defendant feel that an agreement may be reached if this case were to be continued and mediated. Plaintiff requests a 120-day continuance of this case. Also, the parties request a new scheduling order.

3.    The court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. TRCP 247, 251-252 *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988).

MOTION FOR CONTINUANCE - Page 1

Certified Document Number: 75415616 - Page 1 of 3

Conclusion

This is the first motion for continuance requested in this case. This motion is not sought for the purposes of delay, but only so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the parties request that this Court continue this case for at least 90 days and a new scheduling order be issued.

Respectfully submitted,

/s/ Kevin A. Murray
Kevin A. Murray
State Bar. No. 24007720
Galleria Financial Center
5075 Westheimer Road, Suite 980
Houston, Texas 77056
Tel. (713) 355-5500
Fax. (888) 331-5747
kmurray@murraylaw.com

CERTIFICATE OF CONFERENCE

I spoke with Tracy Wolf and Ms. Wolf stated that she is unopposed to this motion.

/s/ Kevin A. Murray
Kevin A. Murray

MOTION FOR CONTINUANCE - page 2

## VERIFICATION

**STATE OF TEXAS**                           §
                                             §
**COUNTY OF HARRIS**                         §

On this day, Kevin A. Murray appeared before me, the undersigned notary public. After I administered an oath to him, he said that the statements in the Motion for Continuance are within his personal knowledge and are true and correct.

_____
Kevin A. Murray

SWORN TO and SUBSCRIBED before me by Kevin Murray on June 07, 2017.

_____
Notary Public in and for
the State of TEXAS

> CINDY GUZMAN
> Notary Public, State of Texas
> My Commission Expires
> May 23, 2019

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the following document has been duly served upon all counsel of record, in accordance with the Texas Rules of Civil Procedure by:

__x__   Electronic Notification;
_____   Federal Express;
_____   First Class Mail;
_____   Hand Delivery;
_____   Facsimile Transmittal; and/or
_____   Certified Mail Return Receipt Requested.

On this the 7th day of June  2017.

/s/ Kevin A. Murray
Kevin A. Murray

MOTION FOR CONTINUANCE - page 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:      75415616

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10

6/7/2017 3:38:48 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 17482561
By: MCNEAL, ARIONNE
Filed: 6/7/2017 3:38:48 PM

CAUSE NO. 2016-24799

| | | |
|---|---|---|
| GREG MOODY,<br>**Plaintiff,** | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| REFINERY SPECIALTIES, INC.,<br>**Defendant.** | § | |
| | § | 189th DISTRICT COURT |

---

## ORDER GRANTING UNOPPOSED MOTION FOR CONTINUANCE

---

On _____ came to be considered Plaintiff's Unopposed Motion for Continuance, having reviewed the Motion, finds that there is sufficient cause for this order to be issued.

It is therefore, ORDERED that said Motion be, and the same hereby, GRANTED.

_____
PRESIDING JUDGE

Certified Document Number: 75415617 - Page 1 of 1

ORDER – SOLO PAGE



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 7, 2017

Certified Document Number:        75415617

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com